UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                      Plaintiff,

                                                                                     DECISION AND ORDER

                                                                                     05-CR-6023L
                                                                                     08-CV-6114L

           v.

JERRY C. STEARNS,

                                      Defendant.
_____

      Defendant Jerry C. Stearns ("Stearns") waived indictment and pleaded guilty to a one count information charging him with possession of child pornography. Stearns faced a mandatory minimum sentence of 10 years and a maximum of life. That penalty was set forth in ¶ 1 of the written plea agreement and discussed with Stearns at the plea colloquy on February 7, 2005.

      Stearns was serving an undischarged state sentence at the time of the plea and both the written plea agreement and the Court advised Stearns that the sentence in this case could run consecutively, concurrently or partially concurrently with the state sentence. Stearns stated that he understood that. The Court did impose a 10-year term of imprisonment but ordered it to run partially concurrently with the state sentence.

      Although the plea agreement provided for a waiver of the right to appeal, Stearns did appeal from the Judgment and Conviction. The issue raised by Stearns in his counsel's brief and his *pro*

*se* brief were rejected by the Court of Appeals and the judgment was affirmed by the Second Circuit on March 2, 2007 (479 F.3d 175).

Now pending before the Court is Stearns' *pro se* petition to vacate pursuant to 28 U.S.C. § 2255. This petition was filed on March 12, 2008.

Stearns raises several issues in his petition several of which must be rejected because the Second Circuit has already addressed them. Otherwise, the claims advanced must be denied because they are without any merit.

The Government contends that this petition should be procedurally barred because Stearns waived his right to appeal or collaterally attack the judgment in the plea agreement. In considering this very issue of waiver, the Second Circuit determined that Stearns had not waived the issue as to whether the sentence should be concurrent, consecutive or partially concurrent. 479 F.3d at 178. The Second Circuit did, however, bar Stearns from raising the claims in Stearns' *pro se* appellate brief, which raised "a variety of constitutional challenges to the statue" because he had pleaded guilty and waived the right to appeal those issues. 479 F.3d at 179. Therefore, the first and second grounds advanced in Stearns' petition are procedurally barred and should be dismissed based on Stearns' waiver of appeal in the plea agreement and by virtue of the Second Circuit decision, referenced above, affirming the judgment.

Even if the Court were to consider these grounds on the merits, I see no basis to vacate under § 2255. I have reviewed Stearns' petition and the memorandum of law (Dkt. #26) submitted in support of the petition and find neither ground one or ground two states any viable constitutional claim.

Defendant's third claim is that he was denied effective assistance of counsel. Stearns' has failed to establish ineffective assistance of counsel under the standard established by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). Stearns must demonstrate that counsel's performance was deficient and that the deficiency prejudiced his case. Defendant here can prove neither prong of that test.

In a most conclusory fashion, Stearns claims that counsel was ineffective in advising him before and at the time of the plea. His claims are belied by the plea colloquy that occurred in open court. The transcript of the plea colloquy and sentencing speak for themselves, and the Government has set forth many of the salient paragraphs in its response to Stearns' motion (Dkt. #30). Suffice it to say that the record refutes virtually every claim made by Stearns. The elements of the offense were clearly discussed, defendant was advised of the penalties, the fact the sentence could run concurrently or consecutively, and he certainly was aware that he was serving an undischarged state sentence of six years for sexual contact with a minor.

As noted by the Second Circuit in its decision, the Government had already given defendant a "break" by not prosecuting him for a crime that would have required an even greater mandatory minimum sentence of 15 years. In sum, after reviewing all the documents submitted, as well as the transcripts of the hearings before me, I find no basis whatsoever to conclude that Stearns' counsel provided ineffective assistance of counsel and no evidence that those acts prejudiced defendant in any manner.

CONCLUSION

The petition to vacate (Dkt. #25) filed December 12, 2008, is in all respects dismissed.

I decline to issue a certificate of appealability because Stearns has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 7, 2009.